IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. WILLIAMS SANCHEZ-VICENTE, Defendant. | CRIM. NO. 17-005 (ADC) |

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(A) & (B) FRCP)

**TO THE HONORABLE COURT:**

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Velez, United States Attorney for the District of Puerto Rico, José Capó Iriarte, Assistant United States Attorney, Chief Criminal Division, Myriam Y. Fernandez Gonzalez, Assistant United States Attorney, Deputy Chief, Financial Fraud & Corruption Unit, and Susan Z. Jorgensen, Assistant United States Attorney for said District, and **WILLIAMS SANCHEZ-VICENTE**, the Defendant, by and through the Defendant's counsel, JUAN J. MICHELEN, Esquire, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH THE DEFENDANT PLEADS GUILTY**

The Defendant agrees to plead guilty to **COUNT THREE** of the Indictment, which charges:

Count Three:

### Aggravated Identity Theft
Title 18, *United States Code*, Section 1028A(a)(1)

On or about April 21, 2016, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**Williams Sanchez-Vicente, a/k/a "Mario Manuel Marrero Gascot", a/k/a "Ramon Sanchez Perez"**,

the Defendant herein, during and in relation to any felony violation enumerated in Title 18, *United States Code*, Section 1028A(c)(7), to wit, mail fraud (18 U.S.C. § 1341), and/or making a false statement in application for a passport (18 U.S.C. § 1542), knowingly used, without lawful authority, a means of identification of another person, specifically that of Mario Manuel Marrero Gascot, in violation of Title 18, *United States Code*, Section 1028A(a)(1).

## 2. MAXIMUM PENALTIES

Count Three: the Defendant understands that in relation to Count Three of the Indictment, the Defendant shall be sentenced to a mandatory term of imprisonment of two (2) years to be served consecutively to any other term of imprisonment. The Defendant further understands that the Court may impose a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00) and a term of supervised release of not more one (1) year. *See* 18 U.S.C. §§ 1028A(a)(1) and (b); 3559(a)(5); 3571(b)(3); 3583(b)(3) (Class E Felony).

## 3. SENTENCING GUIDELINES APPLICABILITY

The Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme

Court decision in the consolidated cases United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005). Further, the Defendant acknowledges that parole has been abolished and that the imposition of the sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

The Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

5. **FINES AND RESTITUTION**

The Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered. The Court may also impose restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

The Defendant is aware that the sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, the Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this Agreement or the sentencing calculations and recommendations contained herein. The Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which the Defendant is pleading guilty. The Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report.

Plea Agreement
United States of America v. Williams Sanchez-Vicente, CR 17-005 (ADC)
Page 3 of 13

*See* Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. *See* Fed. R. Crim. P. 11(c)(3)(B).

7. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under Guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the Probation Office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the Probation Office.

8. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

The Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the consolidated cases of <u>United States v. Booker and United States v. Fanfan</u>, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and the Defendant submit the following advisory Guideline calculations:

| RECOMMENDED SENTENCING GUIDELINE CALCULATION ||
|---|---|
| Count ~~Twelve~~ Three *E.G.V. J.J.M.* ||
| U.S.S.G. § 2B1.6 - (term required by 18 U.S.C. § 1028A) A <u>mandatory</u> term of 24 months pursuant to 18 U.S.C. § 1028A(a)(1) | <u>Mandatory</u> 24 months of imprisonment |

9. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category (CHC) for the Defendant.

10. **SENTENCE RECOMMENDATION**

The parties agree that **WILLIAMS SANCHEZ-VICENTE** shall be sentenced to a term of two (2) years of imprisonment for Count Three, as required by 18 U.S.C. § 1028A(a)(1).

The Defendant agrees that this sentence recommendation is reasonable pursuant to Title 18, United States Code, Section 3553(a). The parties further agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

11. **WAIVER OF APPEAL**

The Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 24 months or less, the Defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

12. **FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE**

The United States and the Defendant agree that **no further adjustments or departures** to the Defendant's total adjusted base offense level **and no variant sentence** under 18 USC § 3553 **shall be sought by the parties**. The parties agree that any request by the Defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 13. DISMISSAL OF REMAINING COUNTS

The remaining counts of the Indictment will be dismissed at the time of sentencing unless the Defendant has materially breached this Plea Agreement.

## 14. SATISFACTION WITH COUNSEL

The Defendant represents to the Court to be satisfied with counsel, Juan J. Michelen, and indicates that counsel has rendered effective legal assistance.

## 15. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

The Defendant understands that by entering into this Plea Agreement, the Defendant surrenders certain rights, which include the following:

a. If the Defendant had persisted in a plea of not guilty to the charges, the Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those witnesses and the Defendant's attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, the Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the Defendant's refusal to testify. If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf.

## 16. POTENTIAL IMPACT ON IMMIGRATION STATUS

Defendant affirms that he is not a United States citizen. Pursuant to Rule 11(b)(1)(O) of the Federal Rules of Criminal Procedure, the Defendant hereby agrees and recognizes that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 17. FELONY CONVICTION

The Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including, but not limited to, the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

18. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the Defendant is hereby incorporated into this Plea Agreement. The Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the Defendant agrees that said statement of facts may be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

19. **FORFEITURE**

N/A.

20. **LIMITATIONS OF PLEA AGREEMENT**

The Defendant is fully aware that the Court is not bound by this Plea Agreement, including, but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the Defendant; it does not bind any other federal district, state or local authorities.

23. **ENTIRETY OF PLEA AGREEMENT**

This written agreement and the supplement constitute the complete Plea Agreement between the United States, the Defendant, and the Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and deny the existence of any other term and conditions not stated herein.

24. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

25. **VOLUNTARINESS OF GUILTY PLEA**

The Defendant acknowledges that no threats have been made against the Defendant and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty.

26. **VIOLATION OF BAIL PROVISIONS AND/OR FAILURE TO APPEAR AT SENTENCING**

The Defendant agrees that any violation of the conditions of release set by the Court or failure to appear at the Sentencing Hearing will be considered a material breach of this Plea Agreement and the United States will be free to ask for any sentence, either guideline or statutory, including an adjustment pursuant to Section 3C1.1 of the United States Sentencing Guidelines for Obstruction or Impeding the Administration of Justice.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

ROSA EMILIA RODRÍGUEZ-VÉLEZ
United States Attorney

JOSÉ CAPÓ IRIARTE
Assistant United States
Chief, Criminal Division
Dated: 9/15/17

MYRIAM Y. FERNÁNDEZ GONZALEZ
Assistant United States Attorney
Deputy Chief, Financial Fraud & Corruption Unit
Dated: 9-15-2017

SUSAN Z. JORGENSEN
Assistant United States Attorney
Dated: 9/15/17

WILLIAMS SANCHEZ-VICENTE
Defendant
Dated: 11/7/17

JUAN J. MICHELEN
Counsel for Defendant
Dated: 11/7/17

## ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

11\7\17
Date

WILLIAMS SANCHEZ-VICENTE
Defendant

I am the attorney for the Defendant. I have fully explained to the Defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the Defendant the provisions of those guidelines that may apply in this case. I have carefully reviewed every part this Plea Agreement with the Defendant. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of his guilty plea.

11\7\17
Date

JUAN J. MICHELEN
Counsel for the Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and the Defendant, **WILLIAMS SANCHEZ-VICENTE**, agree that the following statement provides a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for the violation of Title 18, United States Code, Section 1028A(a)(1).

On or about April 21, 2016, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant **WILLIAMS SANCHEZ-VICENTE**, during and in relation to any felony violation enumerated in Title 18, United States Code, Section 1028A(c)(7), to wit, mail fraud (18 U.S.C. § 1341), and/or making a false statement in application for a passport (18 U.S.C. § 1542), knowingly used, without lawful authority, a means of identification of another person, specifically that of Mario Manuel Marrero Gascot, in violation of Title 18, United States Code, Section 1028A(a)(1), as charged in Count Three, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Sections 1028A(a)(1), 2(a), and 2(b).

This Statement of Facts is only a summary and does not include all relevant facts known by Defendant **WILLIAMS SANCHEZ-VICENTE** pertaining to his involvement in the aggravated identity theft offense.

If this matter had proceeded to trial, the United States would have proven beyond a reasonable doubt that Defendant **WILLIAMS SANCHEZ-VICENTE** is guilty as charged in Count Three of the Indictment. This would have been proven through documentary and testimonial evidence, including, but not limited to, testimony of employees of the United States Post Office, testimony of law enforcement officers, records from the United States Department of

State, Post Office and Social Security Administration, photographs, videos, audio recordings, as well as other documentation and physical evidence.

Discovery was timely made available to the Defendant for review.

<br>

_____
WILLIAMS SANCHEZ-VICENTE
Defendant
Dated:_____

_____
SUSAN Z. JORGENSEN
Assistant United States Attorney
Dated: 9/15/17

_____
JUAN J. MICHELEN
Counsel for Defendant
Dated: 11/7/17